By the Court
 

 (Kinkade, J.).
 

 This is a proceeding in error seeking the reversal of an order made by the Public Utilities Commission fixing the rates that the Western Ohio Public Service Company may charge the citizens of Greenville and the city itself for natural gas furnished. The controlling facts are not in dispute. A single issue is presented, that is to say, Did'the Public Utilities Commission have jurisdiction of the parties and the subject-matter when it made the order complained off
 

 The record discloses a very large number of dates when different transactions took place concerning the relations between the gas company and the city. No useful purpose can be served by stating these dates in this opinion.
 

 About seventeen years ago the predecessor, in ownership, of the present gas company entered into an agreement with the city to install a gas plant in the city. The present gas company later purchased
 
 *432
 
 the plant. The first contract and ordinance covered a period of ten years, and provided that if the parties were unable to agree on rates for further service the gas company reserved its right to. terminate service and remove the plant. The parties disagreed at the end of the ten-year period. The company gave notice of its intention to terminate, and fixed the date of termination. Ordinances were passed fixing rates covering short periods, which rates were not satisfactory to the gas company, and were not accepted by the company, but service was continued. Finally an ordinance was passed, covering a definite period, and naming a certain expiration date. The gas company accepted the rates named in the period stated, reserving the right to terminate the service and remove its plant at the end of the period if the parties were then unable to agree with the city upon rates for further service. The parties could not agree at the end of the last term fixed, but service was continued.
 

 After all the agreements and ordinances had terminated by the lapse of time, and it had become self-evident to the gas company that no satisfactory agreement on rates was possible, the gas company applied to the Public Utilities Commission for an order increasing rates for service. The city filed a protest against the issue of the order asked for, and moved the commission to dismiss the application for want of jurisdiction, for the reason that the relations between the city and the gas company were contractual in their nature, and that fact was a bar to the jurisdiction of the commission. The hearing on the application was set for a definite date, and then heard by the commission, with the
 
 *433
 
 gas company and the city duly represented. The commission was fully authorized by law to entertain the application for an order fixing rates.
 

 The commission found the issue of jurisdiction, as well as the reasonableness of the rates asked for, in favor of the gas company, and issued its order accordingly. This court finds no error manifest in the record which justifies a reversal of the order of the commission.
 

 Order affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen and Bobinson, JJ., concur.